IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Norfolk Division*

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | CRIMINAL NO. 2:23-cr-51 |
| ) | |
| JONATHAN MORRELL SCOTT, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
OBJECTIONS TO PRESENTENCE REPORT**

Comes now the United States of America, through its attorneys, Jessica D. Aber, United States Attorney, and Kristin G. Bird, Assistant United States Attorney, to respond to the Defendant's Objection to Presentence Report. ECF No. 28. The defendant has two outstanding objections to the Presentence Report, neither of which affects the guidelines. The defendant objects to the Court's consideration of the information in paragraphs 10 and 16, and to the imposition of proposed Standard Condition #8 as a condition of supervised release or probation.

**I.    Information in Paragraphs 10 and 16**

Based on conversations with counsel, the United States does not believe the defendant is objecting to the entirety of either paragraph. Rather, the objection is focused only on the information relayed by the person identified as "W1." The objected-to portion of paragraph 10 reads as follows: "W1 advised law enforcement that CC1 purchased the firearms from the defendant, Jonathan Scott, for cash. W1 further reported to law enforcement that Scott was aware that CC1 was prohibited from having firearms." In paragraph 16, the objected-to portion states, "However, the witness statement reported the defendant was aware that CC1 was prohibited."

The defendant is not asserting that these statements are documented inaccurately, by either

investigators or the Probation Office; however, he does question the veracity of the witness. The parties conferred, and the United States notified defense counsel that it will not seek a sentence based on the information relayed by the witness. Accordingly, the parties respectfully ask the Court not to sentence the defendant based on this information. Assuming the Court concurs, this would resolve the objection.

II.     **Standard Condition #8**

Standard Condition #8 provides that a defendant "must not communicate or interact with someone [they] know is engaged in criminal activity. If [they] know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer." There are many purposes for including this as a condition of either probation or supervised release, particularly given the facts of this case. Moreover, the Fourth Circuit has not deemed the inclusion of this condition an improper delegation of authority to the Probation Office. Accordingly, the United States seeks to have the condition ordered as stated in the PSR.

A court may impose a term of supervised release after a period of imprisonment pursuant to 18 U.S.C. § 3583. There are certain "mandatory" conditions that are outlined within 18 U.S.C. § 3583(b). Additionally, a court "may order, as a further condition of supervised release … any condition set forth as a discretionary condition of probation in [18 U.S.C. §] 3563(b) and any other condition it deems appropriate." 18 U.S.C. § 3583(d). The additional supervised release conditions must be: (1) reasonably related to the factors set forth in section 3553(a), namely the statutory goals of deterrence, protection of the public, and rehabilitation; (2) involve no greater deprivation of liberty than is reasonably necessary to achieve the statutory goals; and is consistent with any pertinent policy statements issued by the Sentencing Commission. 18 U.S.C. § 3583(d).

*See also United States v. Douglas*, 850 F.3d 660, 663 (4th Cir. 2017); *United States v. Comer*, 5 4th 535, 545 (4th Cir. 2021); *United States v. McMiller*, 954 F.3d 670, 676 (4th Cir. 2020). Further, "[a] condition of supervised release may restrict a probationer from engaging in what would otherwise be protected conduct, so long as the condition comports with 18 U.S.C. § 3583(d)." *United States v. Van Donk*, 961 F.3d 314, 326 (4th Cir. 2020); *see also Comer*, 5 F.4th at 545.

Additionally, under 18 U.S.C. § 3563(b)(6), a court may order a person placed on probation to "refrain from …associating unnecessarily with specified persons," provided this condition is "reasonably related to the factors set forth in [18 U.S.C. §] 3553(a)(1) and (a)(2) and to the extent that such condition[] involve[s] only such deprivations of liberty or property as are reasonably necessary for the purposes indicated in section 3553(a)." Finally, the Sentencing Commission has specifically recommended this standard condition of probation or supervised release. *See* U.S.S.G. §§ 5B1.3(c)(8) and 5D1.3(c)(8).

The defendant raises two objections to Standard Condition #8, neither of which has merit. First, he claims that the condition involves a greater deprivation of liberty than is reasonably necessary. But Standard Condition #8 expressly contemplates that, if the defendant first obtains "the permission of the probation officer," then he can communicate or interact with individuals like his family members, former employer, or friends who have felony convictions. In the context of restrictions on computer access, the Fourth Circuit has recognized that a special condition requiring "prior approval of the probation officer for the possession or use of a computer to access any online services" did "not suffer from the same infirmity as [a] computer ban" because it contemplated that the defendant would "be able to access and use computers—albeit, with the approval of the probation officer." *United States v. Jeffrey-Moe*, No. 21-4497, 2023 WL 3845305,

3

at *4 (4th Cir. June 6, 2023) (per curiam).  By the same token, the prior-approval provision in Standard Condition #8 avoids the purported overbreadth problem.

The stated purpose of the condition "is to prevent antisocial relationships."  *See* https://www.uscourts.gov/services-forms/communicating-interacting-persons-engaged-criminal-activity-felons-probation-supervised-release-conditions.  It further provides "defendants with a justification to avoid associating with persons convicted of felonies" and it strives to protect the public, rehabilitate, and deter a defendant from engaging in future criminal conduct.  *Id*.  Certainly, the defendant will be encouraged to maintain positive relationships given those purposes and goals.  Moreover, probation officers are specifically told to encourage defendants to be engaged in prosocial activities with prosocial associates.[1]  *Id*.

Further, because Standard Condition #8 satisfies 18 U.S.C. § 3583(d), it may lawfully restrict the defendant from "engaging in what would otherwise be protected conduct."  *Van Donk*, 961 F.3d at 326.  First, the condition is reasonably related to the factors set forth in section 3553(a).  The defendant's association with a felon, an individual he has identified as a friend, resulted in him straw purchasing four firearms, which were then possessed in furtherance of drug trafficking.  *See* ECF No. 29 at 1 (Defendant's Position on Sentencing) ("He just exercised incredibly poor judgment to help a friend.") and ECF No. 30 at 3 (Position of the United States with Respect to Sentencing).  This Condition will assist him in avoiding antisocial associations, which will achieve the statutory goals of deterrence, protection of the public, and rehabilitation.  Second, given the fact that this objected-to portion of this condition authorizes the defendant to communicate or interact with known felons if he first obtains the probation officer's approval, Standard Condition

---

[1] The United States has conferred with Probation to learn more about the supervision methods that are used.  At sentencing, the United States will be prepared to present testimony from Probation Officers employed by the United States Probation Office in the event this is necessary.

4

#8 "involve[s] no greater deprivation of liberty than is reasonably necessary to achieve the statutory goals." Finally, Standard Condition #8 is wholly consistent with pertinent policy statements issued by the Sentencing Commission. *See* U.S.S.G. §§ 5B1.3(c)(8) and 5D1.3(c)(8).

Second, the defendant objects that Standard Condition #8 involves an impermissible delegation of judicial authority to the probation officer. The imposition of supervised release terms is considered a "core judicial function." *United States v. Miller*, 77 F.3d 71, 77 (4th Cir. 1996). The law governing supervised release "vests substantial discretion in the district court for determining the length and conditions of supervision." *United States v. Hamilton*, 986 F.3d 413, 417 (4th Cir. 2021). At the same time, "[t]he defendant's assigned probation officer also has discretion and plays a significant role in the day-to-day management of supervised release." *Id.* As this Court has acknowledged, "the district court and the probation officer work together with substantial . . . discretion in the crafting and management of supervised release." *Id.* at 418.

It is well established that a district court "may use nonjudicial officers, such as probation officers, to support judicial functions, as long as a judicial officer retains and exercises ultimate responsibility." *Comer*, 5 F.4th at 547 (quoting *United States v. Miller*, 77 F.3d 71, 77 (4th Cir. 1996)). Article III precludes a court from "delegat[ing] core judicial functions[,] such as the authority to decide the amount of a fine or restitution payment, or whether a defendant must attend a treatment program." *Id.* (quoting *United States v. Van Donk*, 961 F.3d 314, 327 (4th Cir. 2020)). *See also United States v. Johnson*, 48 F.3d 806, 806-09 (4th Cir. 1995). Otherwise, the court may delegate to a probation officer the authority "to fashion the means or details" of a court-ordered condition. *Id.* "[A]s long as the court orders the broad principle guiding the condition of release and retains the ultimate authority over revoking release, the court may allow the probation officer to fill in many of the details necessary for applying the condition." *Id.*

5

The Fourth Circuit has repeatedly rejected improper delegation challenges to special conditions involving probation officer support. For example, in *Van Donk*, the Fourth Circuit held that a special condition requiring the defendant to comply with the rules imposed by his sex-offender treatment provider did not constitute an improper delegation of the court's authority. 961 F.3d at 327–28. The Court of Appeals explained that, "while the court itself must be the one to order treatment, it may require a probationer to comply with the terms set forth by the treatment provider." *Id.* at 327. The special condition did not "direct[] someone else to decide a difficult legal issue, i.e., to interpret a vague rule imposed by the court." *Id.* Instead, "the treatment provider is deciding only the means of court-ordered therapy." *Id.* at 328. Because "the district court retain[ed] ultimate responsibility over the core judicial function of deciding whether [the defendant] ha[d] violated his conditions of supervised release," the special condition did not improperly delegate a core judicial function. *Id.*

Similarly, in *Comer*, the Fourth Circuit rejected an improper delegation challenge to a special condition prohibiting the defendant from having any social networking accounts without her probation officer's approval. 5 F.4th at 547–58. The Fourth Circuit reasoned that "[t]he district court established the principle that [the defendant] could not maintain social networking accounts without permission and, as in *Van Donk*, maintain[ed] the core judicial function of determining whether [the defendant] violate[d] her conditions of release." *Id.* at 547. The Court emphasized that the probation officer could not "punish" the defendant; it "merely support[ed] the judicial function of imposing supervised release by determining if she can maintain certain social networking accounts, a decision that itself is subject to review by the district court." *Id.* at 547–48. Given "Fourth Circuit case law permitting probation officers to support judicial functions and [the Court's] sister circuits' conclusions that district courts can allow probation officers to make

6

internet-access determinations without violating Article III," the Court concluded that the special condition did not involve an impermissible delegation. *Id.* at 548.

In the same way, here, Standard Condition #8 does not impermissibly delegate to the probation officer a core judicial function. This Court, not the probation officer, would be the one to "order" the defendant not to "knowingly communicate or interact" with someone he knows has been convicted of a felony without the probation officer's prior approval. *See Comer*, 5 F.4th at 547 (no impermissible delegation where "[t]he district court established the principle that [the defendant] could not maintain social networking accounts without permission and, as in *Van Donk*, maintains the core judicial function of determining whether [the defendant] violates her conditions of release"); *cf. Van Donk*, 961 F.3d at 327 ("[W]hile the court itself must be the one to order treatment, it may require a probationer to comply with the terms set forth by the treatment provider."). Allowing the probation officer to give the defendant "permission" to associate with known felons is not "directing someone else to decide a difficult legal issue, i.e., to interpret a vague rule imposed by the court." *Van Donk*, 961 F.3d at 327. Nor can the probation officer "punish" the defendant. *Comer*, 5 F.4th at 547. The probation officer "merely supports the judicial function of imposing supervised release by determining if" the defendant can communicate or interact with certain persons convicted of felonies, "a decision that itself is subject to review" by this Court. *Id.* at 547–48. The Fourth Circuit has made clear that "as long as the court orders the broad principle guiding the condition of release and retains the ultimate authority over revoking release, the court may allow the probation officer to fill in many of the details necessary for applying the condition." *Id.* at 547. Because Standard Condition #8 satisfies that principle, it does not involve an impermissible delegation.

This conclusion is aligned with holdings from the Fifth and Eleventh Circuits as well. *See*

*United States v. Halverson*, 897 F.3d 645, 649 (5th Cir. 2018) ("no-internet-without-probation's-permission conditions" do not impermissibly delegate Article III authority because they do not allow probation officers to punish defendants or require anything "in the nature of punishment" of them); *United States v. Bush*, 848 F. App'x 392, 396 (11th Cir. 2021) (per curiam) (the district court "did not improperly delegate authority to the probation office" when it imposed a condition of supervised release requiring the defendant to "seek prior approval from his probation officer before accessing … the internet," as this requirement simply left the officer "with the ministerial function of [determining] how, when, and where [the defendant] c[ould] access … the internet."). *Comer*, 5 F.4th at 548. *See also United States v. Nash*, 438 F.3d 1302, 1304-06 (11th Cir. 2006) ("We have upheld conditions of supervised release that unequivocally impose a requirement on the defendant, but subject the defendant to the 'approval' or 'direction' of a probation officer"). *But see United States v. Lee* 950 F.3d 439, 448 (7th 2020) (unpublished opinion) (contested condition prohibiting contact with known felons "unless granted permission to do so by the probation officer" was an improper delegation of Article III authority).[2]

The defendant has cited to an unpublished decision, *United States v. Shiraz*, 784 F. App'x 141 (4th Cir. 2019), as a "strong suggestion" that Standard Condition #8 violates Article III.

---

[2] Though the Seventh Circuit in *Lee* addressed the same issue, its holding is not binding on this Court. It is a well-settled principle that decisions of an appellate court are not binding on a district court in another circuit. *See CASA de Maryland, Inc. v. Trump*, 971 F.3d 220, 260 (4th Cir. 2020) ("Congress deliberately created a system of regional courts of appeals whose decisions are not binding on one another."); *Virginia Soc'y for Hum. Life, Inc. v. Fed. Election Comm'n*, 263 F.3d 379, 393 (4th Cir. 2001) ("[A] federal court of appeals' decision is only binding within its circuit."), *overruled on other grounds by The Real Truth About Abortion, Inc. v. Fed. Election Comm'n*, 681 F.3d 544 (4th Cir. 2012); *Rosmer v. Pfizer Inc.*, 263 F.3d 110, 118 (4th Cir. 2001) (explaining that the Court of Appeals for the Fourth Circuit has its "own duty to interpret the law" independent of the other circuit courts). Moreover, because the Seventh Circuit's reasoning in *Lee* is inconsistent with the Fourth Circuit's reasoning in *Van Donk* and *Comer*, the Court should adhere to the Fourth Circuit's nondelegation precedent and impose Standard Condition #8.

However, the Special Condition imposed in that case is distinguishable from the Standard Condition sought in this case. In *Shiraz*, the district court impermissibly delegated to the probation officer the decision of *whether* the defendant could operate a business at all. *See id.* at 144. Here, the Court would be deciding that the defendant's associations, given his past conduct and negative affiliations with felons, should be monitored by probation.

The probation officer's "significant role in the day-to-day management of supervised release" makes good sense. *Hamilton*, 986 F.3d at 417. "District courts are busy places. It is unrealistic to expect a court to engage in the minutia of implementation once it has set out a condition of supervised release. Additionally, the probation officer interacts with the defendant much more frequently than the district court does. [They are] thus well positioned to assess the defendant's progress and tailor instructions accordingly." *United States v. Amin,* 85 F.4th 727, 735 (4th Cir. 2023). Moreover, the Court would remain the ultimate authority over revoking supervised release or probation.

### III.   Conclusion

For the forgoing reasons, the United States respectfully submits that the objection to the statement made by "W1" can be resolved by the parties' agreement. The United States further respectfully submits that, based on Fourth Circuit precedent, Standard Condition #8 is not overbroad or an impermissible delegation of authority pursuant to Article III. Accordingly, the United States seeks a dismissal of that objection to the Presentence Report.

        Respectfully submitted,

        Jessica D. Aber
        United States Attorney

By:        /s/
        Kristin G. Bird
        Assistant United States Attorney
        United States Attorney's Office
        101 West Main Street, Suite 8000
        Norfolk, VA 23510
        Office Number: 757-441-6331
        Facsimile Number: 757-441-6689
        kristin.bird@usdoj.gov

**Certificate of Service**

I certify that on December 6, 2023, I electronically filed a copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record.

By:       /s/

Kristin G. Bird
Assistant United States Attorney
United States Attorney's Office
101 W. Main Street, Suite 8000
Norfolk, Virginia 23510
Office: (757) 441-6331
Fax: (757) 441-6689
Email: kristin.bird@usdoj.gov